UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS MACKENZIE,<br><br>    Petitioner,<br><br>v.<br><br>JEFF SESSIONS,<br><br>    Respondent. | No. 1:17-cv-01623-JLT (HC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE [Doc. 12]<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION [Doc. 16]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner, a Canadian citizen, filed a federal habeas petition under 28 U.S.C. § 2241 on December 1, 2017, challenging his continued detention. He claims the United States government has failed to return him to Canada pursuant to the Treaty on Extradition Between the United States and Canada (hereinafter the "Treaty") after having completed his criminal sentence. Respondent moves to dismiss the petition arguing that the Court is without subject matter jurisdiction to consider the United States government's decision not to deport him. As to related claims concerning his civil commitment, Respondent argues that the Court lacks jurisdiction under § 2241, and Petitioner must proceed by way of § 2254, but that even under § 2254, the Court should abstain from interfering with ongoing state proceedings. As discussed below, the

1

Court agrees with Respondent in most respects and will **DISMISS**[1] the petition.

## BACKGROUND

Respondent notes that Petitioner raised similar claims in a § 2241 petition on March 19, 2012, in the Central District of California. Mackenzie v. California Attorney General, Case No. 8:12-cv-00432-VBF(JC). The petition was denied on September 21, 2016, and the Ninth Circuit denied a certificate of appealability on September 8, 2017. Id.

Petitioner filed a second § 2241 petition raising similar claims in the Central District on November 6, 2013. See Mackenzie v. Holder, 2013 WL 8291434 (C.D. Cal. 2013). The Central District denied the petition on April 16, 2016, and the Ninth Circuit denied a certificate of appealability on September 8, 2017. Id. The following facts are derived from the Central District's final order in Case No. 8:12-cv-00432-VBF(JC).

An amended Felony Complaint Warrant filed on March 6, 2001, charged Petitioner with committing 12 felony acts in Orange County, California, between October 1, 1999 and October 31, 2000. Petitioner was then in Canada, and the Orange County District Attorney sought Petitioner's extradition for prosecution. In 2005, Petitioner returned to Orange County to face the charges. On December 19, 2005, the Orange County District Attorney filed an Information charging Petitioner with the offenses contained in the amended Felony Complaint Warrant. Specifically, the Information charged Petitioner with three counts of committing lewd acts on a child under 14 years of age involving substantial sexual conduct (counts 1, 2 & 5), two counts of committing lewd acts on a child under 14 years of age (counts 3 & 4), and seven counts of using a minor in the preparation of a film or photograph involving sexual conduct (counts 6-12). Each count involved a single victim referred to as John Doe. On January 15, 2010, Petitioner pleaded guilty to counts 1-6. The court dismissed the remaining counts on the motion of the prosecution, sentenced petitioner to a total term of 10 years with credit for 3239 days of time served, imposed certain fines and fees, and ordered petitioner to submit to DNA and AIDS testing and to register as a sex offender. The trial court also advised petitioner that he could get a lifetime commitment

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

2

as a sexually violent predator if: (1) after the completion of his sentence, the Department of Corrections thought petitioner was still dangerous and two psychiatrists or psychologist agreed; and (2) a jury trial was held and the jury agreed.

On February 14, 2011, California commenced civil commitment proceedings pursuant to California's Sexually Violent Predator Act ("SVPA") to determine if Petitioner was a sexually violent predator who could be released from custody. (Resp't's Mot. Dismiss, Attach. 3.) Since then, SVPA proceedings have been ongoing and jury trial is currently set for June 18, 2018. (Resp't's Mot. Dismiss, Attach. 3.)

Petitioner filed a federal petition for writ of habeas corpus in this Court on December 1, 2017. (Doc. 1.) Respondent filed a motion to dismiss on March 20, 2018, and Petitioner filed an opposition to the motion on March 29, 2018. (Docs. 16, 17.)

**DISCUSSION**

**I.     Subject Matter Jurisdiction under 28 U.S.C. § 2241**

Writ of habeas corpus relief under 28 U.S.C. § 2241 extends to a person in custody under the authority of the United States. In this case, Petitioner is a pretrial detainee pending state civil commitment proceedings. Since he is not in custody pursuant to a judgment of a state court, his claims fall under 28 U.S.C. § 2241, not § 2254. Braden v. Judicial Circuit Court, 410 U.S. 484, 503 (1973). Thus, Respondent is incorrect that the Court lacks jurisdiction under 28 U.S.C. § 2241 and Petitioner must proceed instead under § 2254.  In any case, the claims are meritless.

First, Petitioner's claim that his continued detention violates the Treaty is groundless. As noted by Respondent, the Treaty provides that "[a] person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting State for an offense other than that for which extradition has been granted . . . ." Art. 12, Treaty on Extradition Between the United States of America and Canada, U.S.-Can., 27 U.S.T. 983, Treaty Signed at Washington Dec. 3, 1971, T.I.A.S. No. 8237 (Mar. 22, 1976). Petitioner is not being punished or tried for an offense other than that for which extradition was granted.

Petitioner also asserts that his constitutional rights have been violated by the United States Attorney General, claiming he has failed or refused to deport him to Canada. Title 8 U.S.C. §

1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to *commence proceedings*, adjudicate cases, or execute removal orders against any alien under this chapter." (emphasis added.) Thus, § 1252(g) bars this Court from exercising jurisdiction over Petitioner's challenge to the Attorney General's decision not to commence proceedings.

**II.     Abstention**

Petitioner claims that the State of California has violated his constitutional rights and the terms of his extradition by initiating and maintaining ongoing state court civil commitment proceedings. The Court finds that abstention is appropriate.

Under principles of comity and federalism, a federal court should not interfere with ongoing state proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The Supreme Court has further held that federal courts can abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14 (1976). In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. Id. at 818-19. Only in special circumstances such as harassment, bad faith prosecutions, and other circumstances where irreparable harm can be proven would pretrial

federal habeas intervention be warranted. Carden v. State of Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991).

Petitioner has never exhausted the claims for which he currently seeks federal relief. To the contrary, Petitioner is currently awaiting trial which is scheduled for June 8, 2018. Thus, SVPA proceedings have not concluded at the trial level let alone the appellate level and ensuing petition for review to the California Supreme Court. As to the second component, the Court follows the unanimous view of the courts in this circuit that SVPA proceedings "implicate[] the important state interests of protecting the public from sexually violent offenders and providing such offenders with mental health treatment." Smith v. Plummer, 485 F.App'x 642, 643 (9th Cir. 2011). With respect to the third factor, the Court notes that Petitioner is scheduled for jury trial in June. The Court finds no reason to doubt that state proceedings will afford him a full and fair opportunity to litigate his claims.

Accordingly, as the Central District determined on two prior occasions, this Court will exercise its discretion in abstaining from interfering with ongoing SVPA proceedings.

### III.     Order to Show Cause

On December 12, 2017, a Scheduling Order was issued in this case wherein Respondent was directed to submit a notice of appearance within twenty days and a response to the petition within sixty days. Over sixty days passed and Respondent did not comply. On February 27, 2018, the Court issued an order directing Respondent to show cause why sanctions should not be imposed for failure to follow a court order. Along with his motion to dismiss filed on March 20, 2018, Respondent responded to the order to show cause.

Respondent states that legal staff at the U.S. Attorney's Office received the order to respond, examined the petition and forwarded the order to respond to the California Attorney

General's Office for review and input since Petitioner was presently housed in a California state hospital for mental health treatment. Respondent states the Attorney General's Office never provided a response despite additional inquiries. Respondent states that the U.S. Attorney's Office did not respond to the Court's order to respond because of administration and transition errors that occurred internally. Respondent states that these errors have been examined and are being remediated on an ongoing basis. Respondent states the errors were unintentional and will not be repeated. In light of Respondent's good faith response, the Court finds good cause to **DISCHARGE** the Order to Show Cause.

### IV.   **Certificate of Appealability**

The Court declines to issue a certificate of appealability. A state petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, the Court **ORDERS**:

1. The Order to Show Cause (Doc. 12) is DISCHARGED;
2. Respondent's motion to dismiss (Doc. 16) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;
4. The Clerk of Court is DIRECTED to enter judgment and close the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 17, 2018**         **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE